IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03017-BNB

JACK DOWELL,

    Applicant,

v.

RENEE GARCIA,

    Respondent.

ORDER OF DISMISSAL

Applicant, Jack Dowell, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the District of Colorado. On December 2, 2011, Magistrate Judge Boyd N. Boland ordered Applicant to respond and show cause why the Application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Applicant filed a response to the order to show cause on December 9, 2011.

The Court must construe the Application liberally because Applicant is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

In 2001, a federal jury in the District of Colorado convicted Mr. Dowell of destruction of government property in violation of 18 U.S.C. §§ 2 and 844(f)(1)-(2) and forcible interference with IRS employees and administration in violation of 18 U.S.C. § 2

and 26 U.S.C. § 7212(a) in **United States v. Dowell**, Case No. 07-CR-00395-RPM-3. Mr. Dowell was sentenced to 360 months' imprisonment. His conviction and sentence were affirmed on direct appeal. **See United States v. Dowell**, 430 F.3d 1100 (10th Cir. 2005).

Mr. Dowell filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in his criminal case on September 24, 2007. After a hearing, the district court denied Mr. Dowell's § 2255 motion on March 5, 2010. Mr. Dowell filed an appeal, and the Tenth Circuit affirmed the district court on July 21, 2010. **See United States v. Dowell**, No. 10-1084 (10th Cir. July 21, 2010) (unpublished opinion).

In May of 2011, Mr. Dowell filed several post-judgment motions in his criminal case, including a motion to amend his § 2255 petition and a motion to disqualify the district judge. In addition, he filed a Rule 60(b) motion asking the district court to set aside its order denying his § 2255 petition on the grounds that it lacked jurisdiction to try him for destruction of government property. The district court summarily denied all of Mr. Powell's motions. Mr. Dowell filed a notice of appeal, and the Tenth Circuit construed the appeal as a request for authorization to file a second motion brought pursuant to 28 U.S.C. § 2255. The Tenth Circuit denied Mr. Dowell's request for authorization to file a second habeas petition and dismissed the appeal on September 9, 2011. **See United States v. Dowell**, No. 11-1238 (10th Cir. Sept. 9, 2011) (unpublished opinion).

In the instant Application filed on November 18, 2011, Mr. Dowell asserts the following claims: (1) the United States did not have jurisdiction to prosecute him; and (2) the trial court violated the case and controversy requirement of Article III when it failed

to inquire into the jurisdiction issue. As relief, Mr. Dowell requests that the Court vacate his conviction and release him from incarceration.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." **Id.** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." **Brace v. United States**, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); **Bradshaw**, 86 F.3d at 166). The narrow reading of the

3

savings clause is well established in the Tenth Circuit. ***See Prost v. Anderson***, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. ***Brace***, at 1169 (citing ***Sines v. Wilner***, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective).

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999). The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. ***See Caravalho***, 177 F.3d at 1178. Mr. Dowell does not assert any of these circumstances. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. ***United States v. Apodaca***, 90 F. App'x 300, 303 n. 8 (10th Cir. Jan. 30, 2004) (unpublished) (citing ***Reyes-Requena v. United States***, 243 F.3d 893, 902 n. 20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the ***Reyes-Requena*** test. ***See Prost***, 636 F.3d at 593-94. Furthermore, both the erroneous circuit foreclosure test, ***see In re Davenport***, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. ***Prost***, 636 F.3d at 593-94.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective.  *Id.* at 584.  The simple fact that Mr. Dowell has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective.  **See Williams**, 323 F.2d at 673.  "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was itself inadequate or ineffective to the task of providing the [applicant] with a chance to test his sentence or conviction."  **Prost**, 636 F.3d at 587.  Further, the fact that Mr. Dowell is barred from raising his claims in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  **See Caravalho**, 177 F.3d at 1179.  The Court, therefore, finds that Mr. Dowell fails to demonstrate the remedy available to him pursuant to § 2255 is inadequate or ineffective.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  **See Coppedge v. United States**, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant fails to assert that his remedy pursuant to § 2255 is ineffective and inadequate.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   15th   day of    December   , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK , Judge  
United States District Court